IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SANCHEZ and GABRIELA SANCHEZ,<br><br>    Plaintiffs,<br><br>  v.<br><br>FIRST FRANKLIN BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, LASALLE BANK NATIONAL ASSOCIATION, T.D. SERVICE and DOES 1 through 50, Inclusive,<br><br>    Defendants. | NO. 1:09-CV-01238-AWI-DLB<br><br>ORDER VACATING SEPTEMBER 8, 2009 HEARING DATE AND DENYING MOTION TO DISMISS AS MOOT<br><br>(Document No. 5) |

Defendants noticed for hearing and decision a motion to dismiss Plaintiffs' complaint. The matter was scheduled for hearing to be held on September 8, 2009.

On August 26, 2009, Plaintiffs filed an amended complaint.

Before resolving the merits of Defendants' motion to dismiss, the court must determine whether the amended complaint is properly before the court and the amended complaint's affect on the motion to dismiss.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend only by leave of court. . . ."  A motion to dismiss for failure to

1  state claim is not a "responsive pleading" that would terminate a plaintiff's right to amend the

2  complaint.  Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995); Schreiber Distrib. v.

3  Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986); Mayes v. Leipziger, 729 F.2d

4  1389 605, 607 (9th Cir.1984); Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d

5  787, 789 (9th Cir.1963).   Because Defendants did not file a responsive pleading, but only a

6  motion to dismiss, Plaintiff did not need leave of court to file the amended complaint. See

7  Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995); Doe, 58 F.3d at 497.

8         The amended complaint has superseded the original complaint in its entirety, and the

9  court is now proceeding with the amended complaint. See London v. Coopers & Lybrand, 644

10  F.2d 811 (9th Cir.1981); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Thus, Defendants'

11  motion addressing the original complaint is now moot.

12         Therefore, IT IS HEREBY ORDERED that the previously set hearing date of September

13  8, 2009,  is VACATED, and no party shall appear at that time.  Defendants' motion to dismiss is

14  DENIED as moot.

15

16

17  IT IS SO ORDERED.

18  **Dated:    September 1, 2009**              **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE

19

20

2