**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFEAL SANCHEZ, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>FIRST FRANKLIN BANK, N.A., et al.,<br><br>        Defendants. | NO. 1:09-CV-01238-AWI-DLB<br><br>ORDER GRANTING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANT FIRST FRANKLIN'S MOTION TO DISMISS AND VACATING OCTOBER 26, 2009 HEARING<br><br>(Document #12) |

      On October 12, 2009, Plaintiffs' counsel of record, James Curtis ("Curtis"), filed a statement of non-opposition and a request for an extension of time for Plaintiffs to file a substantive opposition to Defendant First Franklin Corporation's ("First Franklin") Motion to Dismiss Plaintiffs' Complaint. <u>See</u> Doc. No. 12. Pursuant to L.R. 78-230(c), a party shall file an opposition not less than fourteen (14) days preceding the hearing date and serve the opposition not less than seventeen (17) days before the hearing date. Here, First Franklin's motion to dismiss hearing is currently set for October 26, 2009. As such, the deadline for Plaintiffs to timely file their opposition has expired.

      Curtis represents to the court that on September 30, 2009, Plaintiffs sent a letter to him indicating that they no longer wanted to be represented by Curtis and were seeking to discharge him. Curtis states that he sent a substitution of attorney to the Plaintiffs at their request. Curtis also informed the court that the substitution of attorney would be filed with this court. A motion

for substitution of attorneys has not been filed to date. In light of the circumstances, the court grants Plaintiffs' request for additional time to file an opposition, if any, to First Franklin's Motion to Dismiss. Plaintiffs may file an opposition on or by November 5, 2009, by 4:00 p.m.

Curtis represents to the court that Plaintiffs are now in pro per. See Doc. No. 12. However, pursuant to L.R. 83-182(d):

> an attorney who has appeared may not withdraw leaving the client in propria persona without leave of the court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addressees of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Therefore, Curtis may not withdraw as counsel of record until he files a motion to withdraw as counsel. Alternatively, Curtis may file a motion for substitution of attorneys. Pursuant to L.R. 83-182(g):

> an attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitution of attorneys shall require the approval of the Court, and the words "IT IS SO ORDERED" with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' request for an extension of time is granted and they are permitted to file an opposition, if any, on or by November 5, 2009 no later than 4:00 p.m.;

2. Defendant First Franklin may file a reply, if any, on or by November 9, 2009 no later than 4:00 p.m.;

3. Curtis is directed to provide Plaintiffs with a copy of this order;

4. Curtis may file a motion to withdraw as counsel of record or a motion for substitution of attorneys on or by November 5, 2009 no later than 4:00 p.m.;

5. Pursuant to L.R. 83-182(d), Curtis remains the attorney of record in this case until

2

    relieved by order of the court; and

6. The motion to dismiss hearing set for October 26, 2009, is vacated and reset to November 16, 2009, at 1:30 p.m in Courtroom 2.

IT IS SO ORDERED.

**Dated: October 21, 2009**      **/s/ Anthony W. Ishii**
                  CHIEF UNITED STATES DISTRICT JUDGE